**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| Susan Ellen Jetmore, | Case No. 24-21243 (JJT) |
| Debtor. | Re: ECF Nos. 11, 12, 21, 24, 30 |

**MEMORANDUM OF DECISION AND ORDER**
**DENYING MOTION TO EXTEND AUTOMATIC STAY**

    Before the Court is the Debtor's Motion to Extend Automatic Stay (Motion, ECF No. 11). The Debtor filed the motion because, due to a prior bankruptcy having been pending and dismissed within the prior year, the automatic stay was set to expire within 30 days of December 23, 2024, the petition date. *See* 11 U.S.C. § 362(c)(3)(A). The Court granted the Motion on an interim basis in order to allow for notice and hearing (ECF No. 12).[1] Creditors Rich R, LLC and Elaine Malchman (together, Secured Creditors) filed an Objection (ECF No. 21), in which they argue against extending the stay and posit that there is no automatic stay. After a continuance request was granted (ECF Nos. 23, 24), the Court held a hearing on the Motion on February 6, 2025. At that hearing, the Court took the matter under advisement (ECF No. 28) and again extended the stay on an interim basis pending issuance of decision on the Motion (ECF No. 30).[2] This is that decision. For the

---

[1] The Court granted interim relief because a motion to extend the automatic stay must be heard within 30 days of the petition date.

[2] After the Court took the matter under advisement, the Debtor filed what was styled a "Commitment Letter" (ECF No. 36) dated February 11, 2025, from an individual indicating that he

following reasons, the Court determines that the Debtor lacks the good faith required to further extend the automatic stay and accordingly denies the Motion on a final basis.

1. Background

On September 21, 2021, the Secured Creditors filed a foreclosure action against the Debtor in the Connecticut Superior Court based upon a note and mortgage executed by the Debtor in July 2020.[3] During the pendency of the foreclosure action, the Debtor has filed for bankruptcy protection three times.[4] Both prior cases have been dismissed. In the first case, the Secured Creditors filed a motion for relief from stay, but the case was dismissed on September 27, 2023, which was prior to the Secured Creditors correcting noted deficiencies with their motion. In the second case, the Court granted the Debtor's motion to extend automatic stay for 90 days over the Secured Creditors' objection, but terminated the stay after the Secured Creditors later requested it due to postpetition nonpayment of the mortgage note. That case was then dismissed on August 2, 2024.

Meanwhile, the foreclosure action was stayed pending the two prior bankruptcy filings. After the stay was lifted in the second bankruptcy case, the Secured Creditors sought to have the Superior Court reset the sale date. That sale then took place on November 2, 2024. Over the Debtor's objection upon motion, the

---

and a partner had "set aside the financing to pay off the loan for [the Debtor]." The Debtor also filed proof of insurance (ECF No. 37) from State Farm Fire and Casualty Company on the property.
[3] Complaint, *Rich R, LLC v. Jetmore*, Judicial District of New London, No. KNL-CV-21-6053385-S (Conn. Super. Ct. Sept. 21, 2021). At the February 6, 2025 hearing, the Court took judicial notice of the foreclosure docket and the Debtor's prior bankruptcy dockets.
[4] *In re Jetmore*, No. 24-20281 (JJT) (Bankr. D. Conn.); *In re Jetmore*, No. 23-20305 (JJT) (Bankr. D. Conn.).

Superior Court then approved the sale and committee deed on December 3, 2024. Prior to the appeal period expiring on the sale, the Debtor filed the instant case on December 23, 2024.

2. Discussion

Under 11 U.S.C. § 362(c)(3)(A), the automatic stay of subsection (a) terminates on the 30th day after filing if an individual debtor's prior bankruptcy case was dismissed within one year of the present case.[5] Under subsection (B), the debtor may move for continuation of the automatic stay but must demonstrate that the later case was filed in good faith. *Id.*, § 362(c)(3)(B). Among those factors courts consider under subsection (C), a case is presumed to not have been filed in good faith as to all creditors if there is a lack of substantial change in financial or personal affairs. *Id.*, § 362(c)(3)(C)(i)(III).

Here, evidence is lacking of a meaningful change in circumstances that warrant further extension of the stay. The Debtor has, both here and in the Superior Court, stated that she is on the verge of obtaining refinancing, but, until the filing of the Commitment Letter, there has been no evidence that such has materialized (or was ever available). In fact, as noted by this Court in the Debtor's first bankruptcy case, the Debtor affirmatively misled the Superior Court about having the necessary funds to pay off the Secured Creditors as far back as

---

[5] The Secured Creditors' argument made here and in the Superior Court that there is no automatic stay is without merit. Section 362(b)(20) requires that, in order for the automatic stay to not apply, an order under § 362(d)(4) needed to have entered within the prior two years, which is typically referred to as *in rem* relief. But *in rem* relief was neither requested nor granted in either of the Debtor's prior bankruptcy cases. Regardless of whatever circumstances may have brought us to this point, *in rem* relief is never presumed to have been previously granted.

3

November 2022. The Debtor's belated filing of the Commitment Letter does not change this analysis. Dated a mere three days ago and signed by an individual who has not been subject to examination by the Secured Creditors or this Court, the Court simply cannot credit the Commitment Letter as clear and convincing proof of a change in financial or personal affairs. *See* 11 U.S.C. § 362(c)(3)(C). The Debtor has otherwise failed to overcome the presumption that this bankruptcy filing lacks good faith.

Additionally, were the Court to continue the stay, the Secured Creditors could move for stay relief. Such would invariably be granted due to the Debtor's failures to make payments and pay taxes (as averred by the Secured Creditors' counsel at the February 6, 2025 hearing)[6] in addition to her prior misleading representations. *See* 11 U.S.C. § 362(d)(1) (stay relief shall be granted where there is cause, including a lack of adequate protection); *see also In re Lord*, 325 B.R. 121, 129 (Bankr. S.D.N.Y. 2005) (lender not adequately protected based upon debtor's failure to make payments coupled with lender's payment of taxes and insurance).

3. Conclusion

For the foregoing reasons, the Motion is DENIED on a final basis *nunc pro tunc* to the date of filing. Accordingly, the Secured Creditors may proceed to have

---

[6] Although the Secured Creditors also posited that they had placed insurance on the property, the Court accepts the proof of insurance that the Debtor has provided as genuine, at least pertaining to the policy period.

4

the sale again confirmed by the Superior Court and then proceed to a closing and distribution of proceeds thereof.[7]

IT IS SO ORDERED at Hartford, Connecticut this 19th day of February 2025.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[7] If the financing commitment provided is indeed genuine, then it is possible that the Debtor may be able to redeem the property, but that is a matter for the Superior Court.